**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4333

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TANZILUDIN BANGURAH,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, Senior District Judge.  (1:23-cr-00121-AJT-2)

Submitted:  October 30, 2025                          Decided:  November 3, 2025

Before RUSHING and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Charles M. Henter, HENTERLAW PLC, Charlottesville, Virginia, for Appellant.  Gavin R. Tisdale, Assistant United States Attorney, Philip Samuel Alito, Jacqueline Romy Bechara, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tanziludin Bangurah pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. §§ 841, 846. The district court sentenced Bangurah below the statutory minimum to 18 months' imprisonment. *See* 18 U.S.C. § 3553(f). On appeal, Bangurah's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Bangurah's guilty plea and the appellate waiver in Bangurah's plea agreement are valid, whether the Government complied with the plea agreement, and whether the sentence is procedurally and substantively reasonable. Bangurah has filed a pro se supplemental brief, challenging the charges against him and generally arguing that his appellate counsel was ineffective for filing an *Anders* brief. The Government has moved to dismiss the appeal based on the appeal waiver in Bangurah's plea agreement. We affirm in part and dismiss in part.

Bangurah's waiver of appellate rights does not prevent our review of the validity of the plea itself. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018). We review the adequacy of the Fed. R. Crim. P. 11 plea colloquy for plain error. *See United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016) (stating standard of review); *see also Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing plain error standard). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands, the rights he is relinquishing by pleading guilty, the nature of the charge to which he is pleading, the applicable maximum and mandatory minimum penalties he faces, and, if applicable, the terms of any plea agreement waiving the right to appeal. Fed. R. Crim. P. 11(b)(1); *United*

2

*States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). The district court also must ensure that the plea was voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and "that there is a factual basis for the plea," Fed. R. Crim. P. 11(b)(3). Here, the district court conducted a thorough and complete Rule 11 hearing. We therefore conclude that Bangurah entered his plea knowingly and voluntarily and that a factual basis supported the plea.

With respect to Bangurah's waiver of his appellate rights, "[w]e review an appellate waiver de novo to determine whether the waiver is enforceable" and "will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *McCoy*, 895 F.3d at 362 (internal quotation marks omitted).

Our review of the record confirms that Bangurah knowingly and intelligently waived his right to appeal his conviction and sentence except in a limited set of circumstances. We therefore conclude that the waiver is valid and enforceable and that the sentencing issues counsel raises in the *Anders* brief fall squarely within the scope of the waiver. Counsel also questions whether the Government complied with the terms of the plea agreement, a claim which falls outside the scope of the plea agreement. *See United*

3

*States v. Bowe*, 257 F.3d 336, 342 (4th Cir. 2001) ("[A] party's waiver of the right to seek appellate review is not enforceable where the opposing party breaches a plea agreement."). However, there is no indication in the record that the Government breached the plea agreement. Bangurah's claim that his counsel rendered ineffective assistance is also excepted from the waiver. Because the record before us does not conclusively establish that Bangurah's counsel rendered ineffective assistance, Bangurah's "ineffective assistance claim should be raised, if at all, in a 28 U.S.C. § 2255 motion." *United States v. Kemp*, 88 F.4th 539, 546 (4th Cir. 2023) (internal quotation marks omitted).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore grant the Government's motion to dismiss in part, dismiss the appeal of all issues within the scope of the appellate waiver, and affirm the remainder of the judgment. This court requires that counsel inform Bangurah, in writing, of the right to petition the Supreme Court of the United States for further review. If Bangurah requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bangurah.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4